CHARLES I. PARKER AND LEWIS L. PARKER v. JOSEPH C. THOMPSON.

1. It seems that the representatives of one of the defendants in a joint judgment who has died may be sued, although the other defendant is living.
2. The plaintiff in an action against executors of their own wrong is not a competent witness.
3. The judgment against executors of their own wrong should be special, and not general.

This was a *certiorari* to a justice of the peace, before whom the action was tried, and judgment rendered in the absence of the defendants. Argued before Justices HAINES and ELMER, by *J. D. Bedle*, for the plaintiffs in this court, and by *F. Kingman*, for the defendants.

The opinion of the court was delivered by

ELMER, J. The plaintiff in the justice's court, who is the defendant in this *certiorari*, sued the defendants, as executors of their own wrong of Mary Parker, deceased, to recover the

amount of a judgment obtained by him against Joseph Parker, who is still living, and the said Mary Parker.

It is now objected that this action cannot be sustained. I am not satisfied, however, notwithstanding what was said by one of the judges in the case of *Wade* v. *Potter*, 2 *Green* 278, that our statute does not cover this case. *Nix. Dig.* 542, § 4.* The words are, that the representatives of one jointly bound with another for the payment of any debt may be charged, by virtue of such obligation, as if the obligators had been bound severally as well as jointly, and are, in my opinion, broad enough to cover the case of two or more jointly bound by a judgment. There is no force in the objection, that if a new judgment may be obtained against the representatives of one who is deceased, there will be two judgments for the same debt; this being no more than what may happen in any case where two or more are bound severally. But it is not necessary to decide this question.

The judgment is erroneous for other reasons. It appears, by the transcript of the justice, that the only evidence of the plaintiff's demand was his own testimony and the record of the original judgment. The defendants being sued in a representative capacity, the plaintiff was not a competent witness. There was therefore no legal evidence to charge the defendants as executors of their own wrong.

The judgment against executors must be special, and not general. *Penn.* 457; *South.* 686; 1 *Wm's Ex'rs* 142. Our statute, *Nix. Dig.* 255, § 9,† provides that executors of their own wrong shall be answerable so far only as the goods and debts coming to their hands will satisfy. If facts are proved in a justice's court to render them liable, the judgment should be that the plaintiff recover the debt and costs, to be levied out of the assets of the testator, if the defendant have so much, but if not, then to levy so much as they are liable for and the costs out of their own goods.

The judgment must be reversed.

CITED in *Thompson* v. *Johnson*, 11 *Vroom* 222.

---

* *Rev.*, p. 742, § 3.    † *Rev.*, p. 396, § 3.